[No. 6938.]

WILKINS AND CORNISH REALTY CO. v. JONES.

PRACTICE IN SUPREME COURT—*Finding on Conflicting Evidence,* will not be reviewed.

*Error to Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Mr. WM. W. DINGMAN, for plaintiff in error.

Mr. JAMES A. HARRIS, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

This action for damages is based upon an alleged misrepresentation by defendant, of its authority to rent certain premises in Denver, used for a rooming house. Trial to the court without a jury. Plaintiff had judgment, and defendant brings the case here on error.

Plaintiff alleges that March 3, 1908, she and defendant entered into an agreement, upon defendant's representation that it was authorized to make the agreement, by which she was to have possession of, and occupy the premises for at least one year, at a rental of $75.00 per month; that relying upon the agreement, she bought the rooming house in the premises, and paid the rent monthly to defendant until May 20th, when she was dispossessed in a suit by the owner; that defendant had no authority to make the agreement. The answer admits entering into an agreement, as agent for the owner, with plaintiff, whereby she was to rent the premises, but denies she was to have the premises for at least one year, or for any longer term than from month to month, and alleges the agreement was for a monthly tenancy only; admits she was dispossessed about the first of June.

It was admitted on the trial that the owner, if present, would testify that he notified defendant at least ten months prior to May 15th, not to rent the premises to anybody.

Plaintiff's evidence shows that on the strength of the agreement, she purchased the rooming house for $825.00, of which she paid $200.00 in cash, and gave a chattel mortgage on the furniture to secure the balance; that after she was dispossessed, the mortgagee took possession of the furniture, foreclosed the mortgage, and she lost the rooming house and the payment she had made thereon.

Defendant's evidence showed, that after investigating plaintiff's standing, and finding her a satisfactory tenant, it

agreed to lease her the premises from month to month only, and collected the rent monthly up to May 20th, when it refused to accept further rent, and notified her to vacate.

The evidence was very conflicting as to whether the agreement was for a monthly or a yearly tenancy, and the court having found for the plaintiff, the case will be affirmed. —*Beard v. Bliley,* 3 Colo. App. 479.          *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.